**SO ORDERED.**

**SIGNED this 10 day of March, 2020.**

*Stephani W. Humrickhouse*
_____
**Stephani W. Humrickhouse**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WILMINGTON DIVISION

IN RE:

SAMANTHA M MANK                                CASE NO. 19-04199-5-SWH

   DEBTOR                                      CHAPTER 13

### ORDER DENYING CONFIRMATION OF PLAN

The matter before the court is the chapter 13 trustee's Objection to Confirmation of Plan filed on December 3, 2019, Dkt. 27. Samantha M. Mank (the "debtor") filed a voluntary petition under chapter 13 of the Bankruptcy Code on September 12, 2019. On November 26, 2019, the debtor filed an amended chapter 13 plan, Dkt. 22 (the "Amended Plan"). The chapter 13 trustee filed an Objection to Confirmation on December 3, 2019, Dkt. 27. A hearing was held on December 11, 2019 in Wilmington, North Carolina. At the conclusion of the hearing, the court took the matter under advisement.

## DISCUSSION

The issue before the court is whether the Amended Plan should be confirmed where the plan includes certain nonstandard plan provisions. The following language is included in Part 8.1 of the Amended Plan:

> The Chapter 13 Trustee is prohibited from filing a Motion under Federal Bankruptcy Rule 9019 unless the Chapter 13 Trustee is the named Plaintiff or Movant prosecuting the cause of action.

> The Debtor shall be permitted to receive all net proceeds from the sale of vested property and/or exempt property that is sold during the pendency of the case. This provision shall not prejudice and/or impact the rights of parties pursuant to 11 U.S.C. 1329.

> Pursuant to 11 U.S.C. 1322(b)(9), all property owned by the Debtor at the time of the filing of the bankruptcy case shall vest in the Debtor upon confirmation of the plan. "Vest" means for the property to be removed from the bankruptcy estate therefore obviating the need for the Debtor to file a Notice or Motion with the court pursuant to 11 U.S.C. 363(b) when using, selling or leasing property outside the ordinary course.

> The liquidation test assumes a 6% cost of sale for real property.

Amended Plan, Part 8.1. The trustee objects to the inclusion of the first and third nonstandard provisions on the bases that they do not satisfy the good faith requirement of section 1325(a)(3), and that they do not comply with other provisions of chapter 13 and with the applicable provisions of title 11 as required by section 1325(a)(1).[1] *See* 11 U.S.C. § 1325(a)(1), (3) (2018).

Section 1325 of the Bankruptcy Code sets out the requirements for confirmation of a chapter 13 plan. 11 U.S.C. § 1325. A court "shall confirm a plan" if it meets the requirements of section 1325. 11 U.S.C. § 1325(a). Notably, a plan must comply with the provisions of chapter 13

---

[1] The trustee did not specify which paragraphs he objects to including in the plan, but from the substance of the trustee's argument, it appears that the trustee is only concerned about the inclusion of the first and third paragraphs of Part 8.1. Although this court has the authority, and even an obligation, to review all chapter 13 plan provisions to ensure that they comport with the Bankruptcy Code, the court will refrain from reviewing the second and fourth paragraphs at this time. *See United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 277 (2010).

and with other applicable provisions of the Bankruptcy Code, must be proposed in good faith, and must meet the plan content requirements as set forth in section 1322.  11 U.S.C. §§ 1322, 1325(a)(1), (3); *LVNV Funding, LLC v. Harling*, 852 F.3d 367, 371 (4th Cir. 2017).

Bankruptcy Rule 3015(c) requires use of the Official Form for a chapter 13 plan unless a Local Form has been adopted.  Fed. R. Bankr. P. 3015(c).  Bankruptcy Rule 3015(c) permits the inclusion of nonstandard provisions in a chapter 13 plan and defines a "nonstandard provision" as one that is "not otherwise included in the Official or Local Form or deviating from it." *Id.*  A chapter 13 plan may include in its content "any other appropriate provision not inconsistent with [the Bankruptcy Code]."  11 U.S.C. § 1322(b)(11).  The United States Bankruptcy Court for the Eastern District of North Carolina has adopted a Local Form for chapter 13 plans pursuant to Local Rule 9009-1.  E.D.N.C. LBR 9009-1.  Part 8.1 of the Local Form provides space to list any nonstandard provisions.

The Local Form plan exists to facilitate review by the court, the chapter 13 trustee, and the creditors.  *In re Grantham*, No. 03-00165-W13, 2003 Bankr. LEXIS 2080, at *7 (Bankr. E.D. Wash. May 21, 2003).  Utilizing the Local Form for chapter 13 plans not only complies with Bankruptcy Rule 3015(c), but also is consistent with one of the Bankruptcy Code's main objectives: efficient administration of bankruptcy cases.  *In re McIntosh*, No. 12-46715-399, 2012 Bankr. LEXIS 5584, at *8 (Bankr. E.D. Mo. Nov. 30, 2012); *In re Madera*, 445 B.R. 509, 515 (Bankr. D.S.C. 2011).  While nonstandard provisions may be included in a plan under section 1322(b)(11), those provisions must be "appropriate" and "not inconsistent" with the Bankruptcy Code.  11 U.S.C. § 1322(b)(11); *In re Parkman*, 589 B.R. 567, 574-75 (Bankr. S.D. Miss. 2018).

3

## I.    Nonstandard provision relating to filing a motion under Bankruptcy Rule 9019

The first nonstandard plan provision included in the Amended Plan relates to the filing of

motions under Rule 9019.[2]  The nonstandard provision states the following:

> The Chapter 13 Trustee is prohibited from filing a Motion under Federal
> Bankruptcy Rule 9019 unless the Chapter 13 Trustee is the named Plaintiff or
> Movant prosecuting the cause of action.

Amended Plan, Part 8.1.  Bankruptcy Rule 9019 states that "[o]n motion by the trustee and after

notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019.

The trustee objects to this nonstandard plan provision to the extent that it excludes from

the court's oversight the compromising or settling of causes of action or allows the debtor to avoid

disclosing details of compromises or settlements to the trustee.  The debtor's attorney admits that

this nonstandard provision is inapplicable to this debtor's current circumstances and that no known

cause of action exists at this time for which the debtor or the trustee is considering filing a motion

pursuant to Rule 9019.  The proffered reason the debtor included the nonstandard provision was

as an attempt to clarify the rights and roles of the chapter 13 trustee and the debtor in the event that

a cause of action arose during the pendency of the case.

In determining whether this provision can be included in the plan, the court looks to the

standard set forth in section 1322(b)(11).  *See* 11 U.S.C. § 1322(b)(11).  A nonstandard provision

must be an "appropriate provision" that is "not inconsistent" with the Bankruptcy Code.  *Id.*

Therefore, even if a nonstandard provision is an accurate reflection of the law, or at least "not

inconsistent" with the Bankruptcy Code, that provision could still be inappropriate.  The court

finds that this is not an "appropriate" nonstandard provision in this case because it has no relation

---

[2] "Bankruptcy Rule 9019" and "Rule 9019" are used interchangeably throughout this opinion to refer to Federal Rule
of Bankruptcy Procedure 9019.

to the debtor's specific circumstances. Due to this finding, the court will not consider here whether the provision is also inconsistent with the Bankruptcy Code.

Other courts have required additional plan provisions to relate to the debtor's personal financial circumstances. *See, e.g., In re Parkman*, 589 B.R. 567, 578-79 (Bankr. S.D. Miss. 2018); *In re Sperry*, 562 B.R. 1, 5 (Bankr. D. Mass. 2016) ("[C]ourts have held that "non-standard" or additional plan terms should be kept to a minimum and when they are needed, debtors should identify the special circumstances necessitating the inclusion of such non-standard terms."); *In re Walter*, No. 07-05937-DD, 2008 Bankr. LEXIS 1039, at *4-5 (Bankr. D.S.C. Apr. 10, 2008) ("The provisions should not be included in plans unless applicable to the debtor's situation. The form plan needs no additional boilerplate language."). Those courts have found that special provisions should be just that—special—and should only arise in specific cases and not be used as standard deviations from the form plan. *In re Grantham*, No. 03-00165-W13, 2003 Bankr. LEXIS 2080, at *7 (Bankr. E.D. Wash. May 21, 2003). Admittedly, this nonstandard provision relating to Rule 9019 is not specific to the debtor's circumstances.

A nonstandard provision is not appropriate if it requires the court to clarify the law on an issue that does not specifically affect the debtor. This court is not authorized and will not issue advisory opinions. *See Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 241 (1937) (distinguishing a real and substantial controversy from an advisory opinion); *In re Maupin*, 384 B.R. 421, 430 (Bankr. W.D. Va. 2007) (finding that nonstandard plan provisions sought advisory opinions). By asking the court to confirm a plan that contains a superfluous statement of the law, the debtor is essentially requesting that the court issue an advisory opinion on the issue of whether that provision is an accurate statement of the law. The court cannot make a blanket ruling on issues of law that have no connection to the facts of the case before it. *In re Maupin*, 384 B.R. at 429 (finding that

a blanket plan provision asked the court to rule on an issue of law "without so much as a framed dispute, a motion, a notice, briefs, a hearing, or a discussion of the facts"). There is no real controversy before the court. Although the question of when a motion pursuant to Rule 9019 must be filed is a debated issue of law, that is not synonymous with a real and substantial controversy in this case.

Other policy reasons support this court's decision. First, including unnecessary nonstandard provisions only increases the cost of administration and impedes efficient administration of the plan. *See In re Jackson*, 446 B.R. 608, 611 (Bankr. N.D. Ga. 2011) ("Given the tremendous volume of Chapter 13 cases in this District, the Court cannot properly perform its duty if it must regularly review nonstandard plan provisions."). If the trustee or a creditor fails to object at the time of confirmation, that party risks being bound by the confirmation order, even if the plan does not comply with other provisions of the Bankruptcy Code. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 275-76 (2010) (holding that although the bankruptcy court's failure to make appropriate findings before confirming the debtor's plan was a legal error, the confirmation order remained enforceable and binding). So, if as in this case, the debtor and the trustee disagree generally on the applicability of Rule 9019, it results in the parties litigating the matter at the time of confirmation to avoid being bound by that interpretation of the law. *In re Maupin*, 384 B.R. at 426. That particular issue may never even arise later in the case, thus, leading to unnecessary litigation. If the court allowed the use of irrelevant nonstandard provisions, debtors' attorneys would be empowered to include any unsettled law regarding the interpretation of the Bankruptcy Code or Rules as a nonstandard provision in a debtor's plan, regardless of whether that issue would ever arise in the case. Instead of litigating a myriad of legal issues at

confirmation under the guise of nonstandard plan provisions, issues of law should only be brought before the court if a controversy actually exists in the debtor's case.

Second, allowing debtors' attorneys to create "standard nonstandard" provisions[3] in chapter 13 plans would enable debtors' attorneys to create a new form plan without complying with the procedure for altering the Local Form. *See In re Russell*, 458 B.R. 731, 735-37 (Bankr. E.D. Va. 2010) (denying confirmation where additional plan provisions were "emphatically not peculiar to [the] debtor and his financial circumstances but rather [sought] to substitute counsel's vision of an appropriate uniform plan for the one adopted by the court"); *In re Grantham*, No. 03-00165-W13, 2003 Bankr. LEXIS 2080, at *7 (Bankr. E.D. Wash. May 21, 2003) (denying confirmation where counsel for the debtor consistently added eight additional paragraphs to the form chapter 13 plan). Condoning such a practice would be contrary to the purpose of adopting a Local Form and would impede efficient review and administration of chapter 13 plans. *See In re McIntosh*, No. 12-46715-399, 2012 Bankr. LEXIS 5584, at *8 (Bankr. E.D. Mo. Nov. 30, 2012); *In re Grantham*, 2003 Bankr. LEXIS 2080, at *7.

Within the span of a few months, multiple chapter 13 plans were proposed in this district containing similar nonstandard provisions regarding the filing of a motion under Rule 9019. *See, e.g.,* Amended Chapter 13 Plan, *In re Creekmore*, No. 19-04603-5-SWH (Bankr. E.D.N.C. Dec. 4, 2019), ECF No. 18; Amended Chapter 13 Plan, *In re Payne*, No. 19-03726-5-DMW (Bankr. E.D.N.C. Oct. 21, 2019), ECF No. 14; Amended Chapter 13 Plan, *In re Trinkle*, No. 19-01804-5-DMW (Bankr. E.D.N.C. Oct. 17, 2019), ECF No. 27; Amended Chapter 13 Plan, *In re Revels*, No. 19-01583-5-SWH (Bankr. E.D.N.C. Sept. 9. 2019), ECF No. 26. In at least one

---

[3] The court uses the term "standard nonstandard" provisions to refer to the practice of including a series of nonstandard provisions in chapter 13 plans which are not specific to those cases but appear in many debtors' plans as a standard deviation from the Local Form plan.

of those cases, a cause of action was in existence, raising the question of whether  Rule 9019 required the debtor to obtain court approval in order to settle that cause of action, Amended Chapter 13 Plan, *In re Revels*, No. 19-01583-5-SWH (Bankr. E.D.N.C. Sept. 9. 2019), ECF No. 26,[4] but in the majority of those cases, the nonstandard provision was not related to the debtor's financial circumstances.  It appears that the debtor's attorney is using this as a test case for a "standard nonstandard" provision.  In essence, these events support the court's fear that this provision is consistently being added to the Local Form plan without following the proper procedure for seeking amendment of the Local Form plan.

Last, the court notes that even if this nonstandard provision is an accurate statement of the law, it may be unnecessary and inappropriate.  Restating the law in a nonstandard provision is unnecessary, and paraphrasing the law is likely to be misleading and could lead to unnecessary litigation.  *In re Parkman,* 589 B.R. at 580; *In re Maupin*, 384 B.R. at 426-30.

This court is not attempting to eliminate the debtor's right to include nonstandard provisions in its plan.  The Code clearly provides that a chapter 13 plan may include "any other appropriate provision not inconsistent with [the Bankruptcy Code]."  11 U.S.C. § 1322(b)(11). The debtor is not precluded from including nonstandard provisions which meet this standard.  *See In re Parkman,* 589 B.R. 567, 578 (Bankr. S.D. Miss. 2018) (finding that a nonstandard provision modifying the stay was an appropriate provision); *In re Sperry*, 562 B.R. 1, 7 (Bankr. Mass. 2016) (holding that a plan provision requiring a lender continue sending periodic mortgage loan statements to the debtor was appropriate).  However, the provision at issue here does not meet the standard of section 1322(b)(11) because it does not relate to this debtor's financial circumstances.

---

[4] That issue is presently under advisement in the *Revels* case.

For the reasons stated above, the court finds that the nonstandard provision is not an "appropriate" provision, and the Amended Plan cannot be confirmed with this provision.

**II.    Nonstandard provision relating to the vesting of property and the filing of a motion under section 363(b)**

The court will next address the nonstandard provision dealing with the vesting of property. The language of that nonstandard provision is as follows:

> Pursuant to 11 U.S.C. 1322(b)(9), all property owned by the Debtor at the time of the filing of the bankruptcy case shall vest in the Debtor upon confirmation of the plan. "Vest" means for the property to be removed from the bankruptcy estate therefore obviating the need for the Debtor to file a Notice or Motion with the court pursuant to 11 U.S.C. 363(b) when using, selling or leasing property outside the ordinary course.

Amended Plan, Part 8.1. The trustee objects to the inclusion of this provision to the extent that it attempts to circumvent the limitations on vesting provided for the in court's standard confirmation order which states that a debtor "shall not transfer any interest in real property without prior court approval" and Local Bankruptcy Rule 4002-1(g)(4) regarding a debtor's disposition of non-exempt property prior to completion of the plan.

The Local Form in this district already includes a provision regarding the vesting of property of the bankruptcy estate. *See* E.D.N.C. LBR 9009-1 ("Local forms are available on the court's website at www.nceb.uscourts.gov."). Part 7.1 of the Local Form allows a debtor to select whether the property of the debtor will vest upon plan confirmation, discharge, or to write in another option.

The first sentence of the nonstandard paragraph restates the debtor's selection in Part 7.1 of the Amended Plan that the property of the estate will vest in the debtor upon confirmation. That sentence is redundant and unnecessary because the Local Form already includes a vesting provision. *See In re Parkman*, 589 B.R. 567, 580 (Bankr. S.D. Miss. 2018) (disallowing a

9

nonstandard plan provision regarding the vesting of property where the current form plan included a vesting provision); *In re McIntosh*, No. 12-46715-399, 2012 Bankr. LEXIS 5584, at \*16 (Bankr. E.D. Mo. Nov. 30, 2012) (disallowing a plan provision regarding vesting where the debtor's language was contrary to the language of the model plan).  Restating a standard provision of the form plan as a nonstandard provision does not benefit the debtor in any way, but only slows down the review of the plan by the court, the creditors, and the chapter 13 trustee.

The second sentence of this paragraph requests that the court, by confirming the plan, determine that the debtor need not file a section 363(b) notice or motion when using, selling, or leasing the property outside the ordinary course.  Similar to the nonstandard provision relating to Rule 9019 discussed above, the debtor is requesting that by confirming this plan, the court make a legal determination of whether the nonstandard provision is statement of the law that is "not inconsistent" with the Bankruptcy Code.  *See* 11 U.S.C. §§ 1322(b)(11), 1325(a)(1).  No specific facts in this case have been brought to the court's attention that warrant a special provision in the plan regarding the vesting of certain property or the filing of a motion or notice pursuant to section 363(b).  Rather, by including this provision in the Amended Plan, the debtor wishes to clarify the law on this particular issue.

For the same reasons stated above, this is not an "appropriate" nonstandard provision.  The same language included in the Amended Plan regarding the vesting of property and the filing of a section 363(b) motion was also included in other debtors' plans filed in this district.  *See* Amended Chapter 13 Plan, *In re Sherrell*, No. 19-05254-5-SWH (Bankr. E.D.N.C. Jan. 13, 2020), ECF No. 15; Amended Chapter 13 Plan, *In re Creekmore*, No. 19-04603-5-SWH (Bankr. E.D.N.C. Dec. 4, 2019), ECF No. 18.  Again, this illustrates to the court that the nonstandard provisions are being used as a mechanism to resolve legal uncertainties when no controversy actually exists in

the debtor's case.  As previously discussed, using nonstandard provisions to resolve an array of legal uncertainties is problematic.  Regardless of the importance of a legal issue, a debtor cannot request that the court determine any unrelated legal issue by including an interpretation of the law as a nonstandard plan provision.  Issues involving uncertainties in the law can be brought before the court in another manner when the time is appropriate and the issue applicable.

Therefore, the court finds that the nonstandard provision relating to the vesting of property and filing of a section 363(b) motion is not appropriate.  The Amended Plan cannot be confirmed with this provision.

## CONCLUSION

The Amended Plan fails to meet the requirements for confirmation because the contents of the Amended Plan include nonstandard provisions that are not specific to the debtor's financial circumstances and are therefore not appropriate in this case.  For the reasons stated above, confirmation of the Amended Plan is **DENIED**.  The debtor shall have **14 days** to file a modified plan.

**END OF DOCUMENT**